## ESTATE OF ELIZABETH ADSIT.

No. 7011—Dec. 29, 1879.

WILL.—SUBSEQUENTLY DISCOVERED CODICIL.—LIMITATION TO PROBATE OF.—-Unless contested within the year prescribed by statute, the probate of a will is absolute. The proposing of a codicil for *additional* probate is a contest; and such codicil should be offered within the year; or it is barred, save as to persons under disability.

Construing sections, C. C., 14, 1287; C. C. P., 1327, 1333, 1908.

*D. B. Belknap* and *R. W. Hent*, for petioner.

*T. A. O'Brien*, for legatees.

May 8, 1876, the will of testatrix was admitted to probate. It consisted of three separate papers, one dated April 7, 1875, a codicil dated May 10, 1875, and a second codicil dated March 21, 1876. By the first paper there was devised to testatrix's son in law, S. A. Fisher, the undivided half of a lot on Kearny street, and also all her interest in all other real estate. The first codicil provided that if she should survive Fisher the devise should go to his heirs. The second codicil read "Insert instead of Sidney A. Fisher, to my grand children, Lamon Sidney Fisher and Philip Fisher, the undivided of my said Kearny street property, and also the interest of any other real estate."

Nov. 6, 1879, a paper was filed, which was dated March 22, 1876, which reads: "I want my son in law, Sidney A. Fisher, to have one-half my Kearny street property. I would like this done before anything is settled. He will be out of bankruptcy then. This is my last wish, will and codicil. Elizabeth Adsit. I mean instead of my grandchild children. E. A."

Nov. 24, 1879, said S. A. Fisher filed a petition that said instrument be admitted to probate as a codicil to and a portion of the will of deceased.

The grandchildren, by attorney, filed opposition thereto, on the grounds that more than one year had elapsed since the probate of the will and before the filing of the paper of

March 22, 1876, and that the same is barred by Secs. 1327 and 1333, C. C. P.

To this opposition Fisher demurred.

MR. HENT: A subsequently executed will may be probated, after the order admitting the prior will. The paper now offered is a codicil, and may be admitted as such. We do not *contest* the will; we seek to have the codicil established as *a part of* the will, affirming the former will in all respects except as it is modified by this. The estate has not been distributed, but still remains under the jurisdiction and control of this Court.

3 Redf. on Wills, 51; 12 Allen, 1; 10 Grat., 358; 5 R. I., 112.

MR. O'BRIEN: The judgment of this Court of May 8, 1876, is conclusive upon the petitioner, he not laboring under disability.

Secs. 1327, 1333, C. C. P.; 26 Alabama, 524; 20 Cal., 270; 3 Howard, (Miss.) 157; 20 Vermont, 65; 29 Alabama, 95; 53 Penn. St. Rep., 382.

By the COURT: Sec. 1327 gives any person interested the right at any time within one year after the probate of a will to contest the probate or the validity of the will; and according to Sec. 1333, "if no person within one year after the probate of a will contest the same or the validity thereof, the probate of the will is conclusive; saving to infants and persons of unsound mind, etc."

It is not apparent how language can be used plainer than this. "The probate of the will is *conclusive;*" that is, conclusive that the script offered and its contents constitute *the will* of deceased. The offering of a codicil is a contest, at least *pro tanto*. If its provisions are not antagonistic it is nothing; if they are antagonistic, in any respect, it is, so far, a contest. This alleged codicil proposes to divest the grandchildren of rights which the will, under the decree of May 8th, 1876, vested in them. It certainly offers a contest.

It is not necessary for us, nor is it profitable, in this regard, to resort to decisions of ecclesiastical courts, or of courts of other states under other systems. We have no such thing as admitting a will to probate "in common form;" under our statute all wills admitted are admitted under solemn form, after notice to all parties. When a paper is proposed, and notice given as required, the world has notice that the paper offered is proposed as and is said to express the last will and testament of the deceased; if any person has objection, or has another paper to offer, he may come forward. The legislature, in its care and wisdom, has provided, however, that another year shall be given, so that ample time may be had; if, at the expiration of that year, no voice has been raised, the will of the deceased is established—fixed; the probate is conclusive.

I am not here considering the power of the Court to revoke the order or reconsider it for fraud or imposition; the consideration of that power would rest upon entirely different grounds.

The demurrer is overruled.